ALBERT STEPHENSON & another *vs.* PACIFIC MUTUAL INSURANCE COMPANY.

In order to entitle mortgagees of a vessel to recover on a policy of insurance as for a total loss, by reason of a necessary sale by the master, who was also the owner, it is not sufficient to show that he acted in good faith and could not otherwise obtain funds to pay salvage and other necessary expenses at the port where he then was; but it must also be shown that he acted with good judgment and discretion, as a prudent owner would have done, and that, upon finding himself unable to procure funds through his own exertions, he communicated with the insurers, provided he could have done so by the use of reasonable means and without extraordinary delay.

CONTRACT upon a policy of insurance issued by the defendants upon the schooner Arbutus, for one year from August 10th 1861. The answer averred, amongst other things, that the

schooner was lost through the criminal misconduct of the master, who was also the owner and party in interest in this suit.

At the trial in the superior court, before *Ames,* J., the plaintiffs claimed as mortgagees, and the question as to their insurable interest was submitted to the jury. There was evidence tending to show that the schooner made a voyage to Cardenas, where she arrived in January 1862 without damage; that about the 18th of February she started upon her return voyage, and when at a short distance from port was found to be leaky and put back, and in so doing grounded in smooth water; that the crew, which consisted of four persons besides the master, were afraid to remain on board while he went for assistance, and they accordingly all went ashore for assistance, and tried unsuccessfully to get a lighter to go to her; that meanwhile she was brought into port by salvors, who made a claim of about one third of her value for salvage, and being unable with all his efforts and with the aid of the consul to procure money on a bottomry bond, he sold the vessel, and the proceeds were paid to the consul with instruction to remit them to the agent of the insurers. The abandonment was made about the 20th of May 1862, and the judge ruled that this was within a reasonable time. It was admitted that Cardenas is about one hundred miles east of Havana, connecting therewith by railroad, and that there is a regular and frequent mail communication between Havana and New York. There was evidence tending to sustain the averment in the answer of criminal misconduct on the part of the master. The defendants requested the court to instruct the jury that the sale by the master was unauthorized, unless it was absolutely necessary at the time it was made, and unless the master gave notice or attempted to give notice to the insurers before the sale; but the judge, for the purpose of trying the issue as to the misconduct of the master, instructed the jury that if the plaintiffs were mortgagees they had an insurable interest; that if the leaks were occasioned by perils of the seas, and not by the misconduct of the master, and without gross neglect of duty on his part, and if he made the sale in good faith for the payment of salvage and incidental expenses, by the

direction of the consul, and because he could not obtain funds at Cardenas in any other manner, the plaintiffs under the circumstances would be entitled to recover as for a total loss.

The jury returned a verdict for the plaintiffs, and the case was reported for the determination of this court.

*O. Prescott,* for the defendants, cited 2 Phil. Ins. §§ 1571, 1578, and cases cited; 1 Parsons Mar. Law, 64, and cases cited; 1 Arnould on Ins. 192, and cases cited; *Ruckman* v. *Merchants' Ins. Co.* 5 Duer R. 342, 366; *Pike* v. *Balch,* 38 Maine, 302; *Prince* v. *Ocean Ins. Co.* 40 Maine, 481; *Greely* v. *Tremont Ins. Co.* 9 Cush. 415, and cases cited; *Knight* v. *Faith,* 15 Q. B. 649.

*J. H. Clifford & J. C. Stone,* for the plaintiffs, cited 2 Phil. Ins. §§ 1585, 1586; 1 Parsons Mar. Law, 60; 2 Ib. 369; *Williams* v. *Suffolk Ins. Co.* 3 Sumner, 510.

Bigelow, C. J. This case does not come before us in such form that we can intelligently and properly adjudicate on the rights of the parties. Under the instructions given to the jury as stated in the report, it does not appear that they were duly advised concerning the right and authority of a master to sell a ship or vessel in a foreign port, nor were the facts which would constitute a justification for such sale and furnish a valid claim for a total loss under the policy declared on distinctly submitted to the jury as the substantive ground on which the right of the plaintiffs to recover mainly depended. The law prescribes the elements which create such an exigency or necessity as to warrant a master in making a sale of his vessel, instead of repairing her or bringing her back to a home port, and the court should have stated these elements to the jury, and left to them the question whether the facts proved in the case constituted a justification for the sale. This the court omitted to do.

It was not sufficient to say to the jury that if the master acted in good faith, and could not obtain funds at Cardenas for the payment of salvage and other expenses otherwise than by sale, his acts were justified, and the plaintiffs could recover for a total loss. The plaintiffs were bound to go much farther, in order to justify the sale. Something more than good faith was required of the master. He was bound to act with good

judgment and discretion, as a prudent owner under like circumstances would have acted. 1 Arnould on Ins. 192. *Robinson* v. *Commonwealth Ins. Co.* 3 Sumner, 226. *Gordon* v. *Massachusetts Ins. Co.* 2 Pick. 262. Nor was it sufficient to show that funds could not have been procured at Cardenas. If by the use of reasonable means and without extraordinary or unreasonable delay the master could have communicated with the insurers and afforded them an opportunity to raise the needful funds, he was clearly bound to do so, before making sale of the vessel and throwing on to the defendants the burden of a total loss by reason of such forced sale. 1 Arnould on Ins. 192. *Hall* v. *Franklin Ins. Co.* 9 Pick. 478. *Bryant* v. *Commonwealth Ins. Co.* 13 Pick. 543, 554. *Peirce* v. *Ocean Ins. Co.* 18 Pick. 83, 88. These important elements in the necessity which justifies a sale were not included in the instructions given to the jury. We think, therefore, there was a mistrial; and the case must be again submitted to the jury. *Verdict set aside.*